**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY C. HARDEN,

                Petitioner,

v.                                         No. 9:18-CV-0162
                                              (MAD/CFH)
LEROY FIELDS, Superintendent,

                Respondent.

---

**APPEARANCES:**                                **OF COUNSEL:**

Anthony C. Harden
10-A-2910
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Petitioner pro se

New York State Attorney General          PRISCILLA I. STEWARD, ESQ.
New York Office                              Assistant Attorney General
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## DECISION and ORDER

### I. INTRODUCTION

On February 8, 2018, petitioner Anthony Harden filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as supporting exhibits from his state court proceedings. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits. Pursuant to this Court's Decision and Order, dated March 1, 2018, respondent was directed to file an answer. Dkt. No. 7, Decision and Order dated 03/01/18. Respondent opposes the petition. Dkt. No. 10,

Response; Dkt. No. 11, State Court Records.

Petitioner challenges a 2013 judgment of conviction in Albany County, upon a jury verdict, of two counts of second degree assault. Pet. at 1; see also People v. Harden, 134 A.D.3d 1160, 1160 (N.Y. App. Div. 2015).[1] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment on direct appeal, and, on June 7, 2016, the New York Court of Appeals denied leave to appeal. Harden, 134 A.D.3d at 1164, lv. denied 27 N.Y.3d 1133 (N.Y. 2016). Petitioner contends that he is entitled to habeas relief because inter alia defense counsel rendered ineffective assistance by failing to timely object to how the trial court charged the jury regarding a justification defense. Pet. at 7-8.

On August 20, 2018, petitioner filed a motion for a Sparman hearing. Dkt. No. 14. On August 31, 2018, petitioner also filed a motion requesting a copy of the verdict sheet. Dkt. No. 16. Respondent opposed petitioner's motion for the hearing and provided petitioner with the requested verdict sheet. Dkt. No. 18.

For the reasons outlined below, both of petitioner's motions are denied.

## II. PETITIONER'S MOTION

Presently pending before the Court are two motions. Petitioner first requests a hearing, pursuant to Sparman v. Edwards, 154 F.3d 51 (2d Cir. 1998), to question his trial counsel about his alleged failure to timely object to the trial court's jury instructions. Dkt. No. 14 at 1. Petitioner cites to the state court record in his motion, outlining the

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

discussions had between the jury and court and his counsel's lack of participation therein. Id. at 2-3. Respondent opposes the motion arguing that allowing the hearing would necessarily introduce new evidence which this Court would be unable to consider during habeas review. Dkt. No. 18 at 1-3.

Additionally, petitioner seeks the production of a document that was not included in the state court records submitted by the respondent. Dkt. No. 16. Respondent has since provided petitioner with a copy of the requested verdict sheet. Dkt. No. 18-1.

### III. DISCUSSION

For a time, the Second Circuit would, "when [it] . . . found potential merit in a claim that counsel ha[d] provide[d] constitutionally ineffective assistance[,] . . . offer counsel an opportunity to present evidence, in the form of live testimony, affidavits, or briefs, . . . to explain his conduct." Cornell v. Kirkpatrick, 665 F.3d 369, 383 (2d Cir. 2011) (citing Sparman, 154 F.3d at 52) (internal quotation marks and citations omitted). Hence petitioner's pending request for a Sparman hearing.

However, the Supreme Court then held that when a habeas application included a claim brought pursuant to 28 U.S.C. § 2254(d)(1)[2], given the "backward-looking language" of § 2254, review of that claim was "limited to the record that was before the state court that adjudicated the claim on the merits . . . ." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Consequently, the Pinholster decision "explicitly foreclose[d] consideration of

---

[2] The statute provides that where a claim has been "adjudicated on the merits in State court proceedings," and "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," habeas relief must be granted. 28 U.S.C. § 2254(d)(1).

3

evidence not presented to the state courts by the federal courts, . . . effectively abrogat[ing] Sparman's mandate that federal district courts hold evidentiary hearings when facing the question of constitutional ineffectiveness of counsel." Pepe v. Walsh, 31 F. Supp. 3d 441, 461 n.26 (N.D.N.Y. 2012) (citing Pinholster, 563 U.S. at 181-82; Sparman, 154 F.3d at 52) (internal quotation marks omitted); accord Ridgeway v. Zon, 424 F. App'x 58, 60 (2d Cir. 2011) (summary order) ("As in other cases . . . we might have remanded the case to give . . . counsel an opportunity to explain behavior that does not appear to have been the product of appropriate strategic considerations . . . However, the Supreme Court has now apparently foreclosed that avenue for us here.") (internal quotation marks and citations omitted).

On petitioner's direct appeal, he asserted "that his counsel's failure to object to the [jury] instruction [on justification] constituted ineffective assistance." Harden, 134 A.D.3d at 1164. However, the Third Department rejected petitioner's contention as "counsel's failure to make a motion or argument that has little or no chance of success, does not constitute ineffective assistance." Id. Specifically, the court explained:

> [a] timely objection to the instruction would not have succeeded, as our review reveals no error. Contrary to [petitioner]'s claim, the court did not err in instructing the jury to assess [petitioner]'s subjective belief that deadly physical force was necessary to defend himself with reference to each individual victim, rather than with reference to all of the circumstances. . . . The court's instruction mirrored the [statutory] requirements and, using the language of the pattern charge, properly instructed the jury to consider the subjective element of the defense with regard to each victim and to consider the surrounding circumstances with regard to the second, objective prong of the test . . . .

Id. (internal quotation marks and citations omitted). Accordingly, petitioner's claim was

4

adjudicated on the merits by the state court. Therefore, habeas review is limited to the record that was before the state court. Pinholster, 563 U.S. at 181. Petitioner may not now introduce new evidence, through a Sparman hearing, because, as the Supreme Court has made clear, "that evidence introduced in federal court has no bearing on § 2254(d)(1) review." Id. at 185.

## IV. CONCLUSION

**WHEREFORE**, it is hereby,

**ORDERED**, that petitioner's motion to conduct a Sparman hearing (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the petitioner's motion to produce the verdict sheet (Dkt. No.16) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 17, 2018
Albany, New York

*[signature]*
Christian F. Hummel
U.S. Magistrate Judge