UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**ANTHONY HARDEN,**

                    **Petitioner,**

    vs.                                           9:18-CV-162
                                                        (MAD/CFH)

**LEROY FIELDS,**

                    **Respondent.**

_____

**APPEARANCES:**                                     **OF COUNSEL:**

**ANTHONY C. HARDEN**
Petitioner *pro se*

**OFFICE OF THE NEW YORK**              **PRISCILLA I. STEWARD, AAG.**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On February 8, 2018, Petitioner *pro se* Anthony Harden ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges a 2013 judgment of conviction in Albany County, upon a jury verdict, of two counts of second degree assault. Dkt. No. 1; *see also People v. Harden*, 134 A.D.3d 1160, 1160 (3d Dep't 2015). Petitioner raises the following grounds for habeas relief: (1) the New York State Supreme Court, Albany County, violated his due process rights by improperly charging the jury on the defense of justification and by failing to instruct the jury that if it found Petitioner justified with respect to the first-degree

assault counts, it could not consider lesser included counts of second-degree assault; (2) trial counsel was ineffective for failing to timely object to the trial court's justification instruction; and (3) appellate counsel was ineffective because he: (a) misunderstood the trial record and erroneously argued that the jury rejected the justification defense; (b) briefed claims that were unpreserved for appeal; and (c) failed to argue that the imposition of consecutive sentences was illegal.  Dkt. No. 1 at 5-12.  In a Report-Recommendation and Order, Magistrate Judge Hummel recommended denial and dismissal of the petition in its entirety.  *See* Dkt. No. 22 at 3.  Petitioner has not objected to the Report-Recommendation and Order.  For the reasons that follow, the petition is denied and dismissed.

## II. BACKGROUND

**A.    The Trial**

In June 2013, following a jury trial in New York State Supreme Court, Albany County, Petitioner was convicted of two counts of assault in the second degree in violation of N.Y. Penal Law § 120.05(2).  *See* Dkt. No. 1 at 1; *Harden*, 134 A.D.3d at 1160.  Petitioner was adjudicated to be a second felony offender and sentenced to determinate prison terms of seven years, plus five years of post-release, and five years, plus five years of post-release supervision, with the sentences to run consecutively.  *See* Dkt. No. 1 at 1; *Harden*, 134 A.D.3d at 1160; Dkt. No. 11-2 at 437, 448.

**B.    Direct Appeal**

Petitioner's appellate counsel filed a brief in the New York State Supreme Court, Appellate Division, Third Department, arguing that: (1) Petitioner's convictions for second degree assault were not supported by the weight of the evidence; (2) the jury's rejection of the defense of justification was not supported by the weight of the evidence; (3) the court's jury charge

2

concerning the defense of justification was "confusing and an incorrect statement of law"; and (4) the imposition of consecutive sentences was "harsh and excessive."  *See* Dkt. No. 11-1 at 160, 162 (capitalization omitted); *see id*. at 155-64.  Petitioner also filed a *pro se* supplemental brief, arguing that: (1) the trial court's "jury instruction improperly removed an issue of fact, failing to allow the jury a fair consideration of defendant's justification defense, depriving him of a fair trial"; (2) the trial court "failed to instruct the jury that a finding of not guilty by reason of justification[] precluded consideration of the lesser included offenses"; (3) trial counsel was ineffective because she "failed to make a timely objection to the [t]rial [c]ourt's improper jury instruction"; and (4) the trial court erred in polling the jury only as to the counts on which he was convicted, but not as to the counts on which he was acquitted.  Dkt. No. 11-2 at 460-74.

In a decision and order dated December 3, 2015, the Appellate Division denied Petitioner's direct appeal and affirmed the trial court's July 23, 2013 judgment of conviction.  *See Harden*, 134 A.D.3d at 1165.  Petitioner, represented by counsel, moved for leave to appeal from the December 3, 2015 decision and order of the Appellate Division at the New York State Court of Appeals, arguing that: (1) the Supreme Court's justification charge was incorrect; (2) defense counsel timely objected to the court's justification charge; and (3) the jury should have been polled on all counts.  *See* Dkt. No. 11-3 at 2-5.

By order dated June 7, 2016, the New York State Court of Appeals denied Petitioner's motion for leave to appeal.  *See id*. at 6; *People v. Harden*, 27 N.Y.3d 1133 (2016).

**C.      Petitioner's Motion to Vacate the Judgement**

On April 12, 2016, Petitioner filed a *pro se* motion to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. Law section 440.  *See* Dkt. No. 11-3 at 8.  Petitioner argued, as relevant here, that: (1) the Supreme Court's justification instruction was erroneous; (2) trial

3

counsel was ineffective for (a) failing to timely object to the court's justification charge; (b) acquiescing in the court's polling of only the charges upon which Petitioner was convicted, but not those of which he was acquitted; (c) failing to preserve arguments that the justification instruction was erroneous and that the jury polling was defective; and (d) failing to object to the imposition of consecutive sentences; and (3) Supreme Court's imposition of consecutive sentences was illegal.  *See id*. at 8-24.  The People did not file a response in opposition.  *See* Dkt. No. 10-1 at 9.

In a May 19, 2016 decision and order, the New York State Supreme Court, Albany County, denied Petitioner's motion in its entirety.  *See* Dkt. No. 11-3 at 177.  The court held that all issues raised by Petitioner in his CPL 440 motion were "or could have been, raised on the appeal which was decided and therefore this motion must be denied."  *Id*. at 175 (citing N.Y. CRIM. PROC. LAW § 440.10(3)(a), (c)).

On June 16, 2016, Petitioner sought leave to appeal the Supreme Court's May 19, 2016 decision and order denying his CPL 440 motion.  *See* Dkt. No. 11-3 at 179-85.  On August 9, 2016, the Appellate Division denied Petitioner's application.  *See id*. at 186.

### D.     Motion for Writ of Error Coram Nobis

On May 22, 2017,[1] Petitioner filed a motion for writ of error coram nobis in the Appellate Division seeking to vacate that court's December 2015 decision and order.  *See* Dkt. No. 11-3 at 187, 189.  Petitioner argued, as relevant here, that "[a]ppellate [c]ounsel was ineffective for failing to raise a winning argument of the ineffectiveness of trial counsel, and instead raised issues that were unpreserved for appellate review[,]" including that appellate counsel "changed the dynamics of the argument[] by stating the jury rejected the defense of justification which[]

---

[1] **May 22, 2017, is the date Petitioner placed his petition for writ of error coram nobis in the depository box at Fishkill Correctional Facility for U.S. Postal Service.  *See* Dkt. No. 11-3 at 189.**

cannot be inferred from a silent record[]." Dkt. No. 11-4 at 12. The People did not file a response to the petition. *See* Dkt. No. 10-1 at 9. On August 25, 2017, the Appellate Division, Third Department, denied Petitioner's motion for writ of error coram nobis. *See* Dkt. No. 11-4 at 83. Petitioner then sought leave to appeal the Appellate Division's denial of his motion for writ of coram nobis to the New York State Court of Appeals. *See id*. at 84. In an order dated November 10, 2017, the New York State Court of Appeals denied Petitioner's application for leave to appeal. *See id*. at 88. In February 2018, Petitioner filed the present petition for writ of habeas corpus. *See* Dkt. No. 1.

**E.     Report-Recommendation and Order**

On April 16, 2021, Magistrate Judge Hummel issued a Report-Recommendation and Order recommending that the Court deny and dismiss the petition. *See* Dkt. No. 22. Specifically, Magistrate Judge Hummel found that Petitioner failed to exhaust his claims prior to bringing this suit, and that Petitioner's claims otherwise lacked merit. *See* Dkt. No. 22 at 36, 38, 40. Magistrate Judge Hummel also found that the Appellate Division's application of the standard of *Strickland v. Washington*, 466 U.S. 668 (1984) regarding ineffective assistance of counsel claims was not unreasonable, and therefore recommended that Petitioner's claim that trial counsel was ineffective for failing to timely object to the trial court's jury charge regarding the defense of justification be dismissed.

Neither party filed objections to Magistrate Judge Hummel's Report-Recommendation and Order.

### III. DISCUSSION

**A.     Standard of Review**

  *1. AEDPA*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") allows a federal court to grant habeas relief to a state prisoner only if a state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 409-10 (2000). A decision "involves an unreasonable application" of federal law where it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08. A petitioner must therefore demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This is a "'highly deferential standard,'" requiring that state courts "'be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations omitted). However, "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

Where a state court denies a claim on the merits without explaining its reasons, a petitioner still bears the burden to show "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. In those cases, "a habeas court must determine what arguments or theories ... could have supported[ ] the state court's decision," and then accord deference if "it is possible [that] fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* at 102; *see also Shinn v. Kayer*, 592 US. ___, 141 S. Ct. 517, 524 (2020) ("[W]e must determine what arguments

or theories ... could have supported the state court's determination.... Then, we must assess whether fairminded jurists could disagree on the correctness of the state court's decision if based on one of those arguments or theories") (internal quotation marks omitted).

### 2. *Review of a Report and Recommendation*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party files general objections, however, the court reviews those recommendations for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 958 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1)

and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.      Jury Charge: Defense of Justification**

Petitioner avers that the trial court's jury charge concerning the defense of justification was erroneous because it did not "instruct that if the jury found petitioner justified of the greater counts it was not to consider lesser counts." Dkt. No. 1 at 5. Petitioner's trial counsel did not object to the trial court's justification defense until after the jury had submitted a note to the court that it had reached a verdict. Dkt. No. 11-2 at 424-25. As addressed in the Appellate Division's ruling, "this objection came too late," was "unpreserved," and was thus procedurally defaulted. *Harden*, 134 A.D.3d at 1164.

"Where a state law procedural bar thus forms an independent basis for the state courts' judgment," a federal court will only review the merits of the "petitioner's claim if the state law bar was not 'adequate to support the judgment,' meaning that it was not 'firmly established and regularly followed,' … or that, despite being firmly established, it was an 'exorbitant application of a generally sound rule[.]'" *Wright v. Duncan*, 500 Fed. Appx. 36, 37 (2d Cir. 2012) (quoting *Walker v. Martin*, 526 U.S. 307, 315 (2011); *Lee v. Kemna*, 534 U.S. 362, 376 (2002)) (other citation omitted). As Magistrate Judge Hummel contends in his Report-Recommendation and Order, Petitioner cannot establish that the trial court's application of the contemporaneous objection rule was an "exorbitant application" of that rule. *Lee*, 534 U.S. at 376. Since Petitioner's claim is barred by procedural default, this Court cannot consider the merits of Petitioner's claims regarding the jury charge concerning the defense of justification unless he can show cause and prejudice, or if he can establish that failure to consider the claim would result in a fundamental miscarriage of justice. *See* Dkt. No. 22 at 27. As Magistrate Judge Hummel correctly asserted, Petitioner has failed to make a showing of cause and prejudice and he has not

provided any showing of "actual innocence," necessary to excuse his procedural default. *See id*. at 28; *see also Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citation omitted). Accordingly, the Court finds that Petitioner's claims regarding the defense of justification are barred from habeas review due to his unexcused procedural default, and that Petitioner's due process challenge to the trial court's jury charge on justification is dismissed.

**C.     Ineffective Assistance of Counsel Claims**

*1. Legal Standard*

The standard applicable to ineffective assistance claims is "highly demanding," and "rigorous." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986); *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a petitioner must made two showings. First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must establish that he suffered prejudice — in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[An] IAC claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011).

*Strickland* instructs a court to "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michael v. Louisiana*, 350 U.S. 91, 100–01 (1955)). The Court recognized in *Strickland* that "there are countless ways to provide effective assistance in any given case," and that even the "best criminal defense attorneys would not defend

a particular client the same way." *Id*. Thus, "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690.

### 2. Ineffectiveness of Trial Counsel

Petitioner contends that trial counsel was ineffective for failing to timely object to the trial court's jury charge regarding the defense of justification. *See* Dkt. No. 1 at 7; Dkt. No. 20 at 12. The Appellate Division rejected Petitioner's ineffective assistance claim against trial counsel based on her failure to timely object to the trial court's jury charge concerning the justification defense because "[a] timely objection to the instruction would not have succeeded, as [the Appellate Division's] review reveal[ed] no error." *Harden*, 135 A.D.3d at 1164. As trial counsel had no basis to object to the trial court's jury charge, her failure to do so cannot be said to be so deficient that, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Petitioner further argues that trial counsel was ineffective for failing to object to the trial court's justification charge on the basis that the trial court's justification charge "failed to convey that a finding of justification on the top counts [of first degree assault] precluded further deliberation." Dkt. No. 1 at 12; Dkt. No. 20 at 11 (citing *People v. Velez*, 131 A.D.3d 129, 13 N.Y.S.3d 354 (N.Y. App. Div. 2d Dept. 2015) and *People v. Feuer*, 11 A.D.3d 633, 782 N.Y.S.2d 858 (2004)). The jury charge at issue adequately conveyed that "[i]t [wa]s … an element of each count of the indictment that the defendant was not justified," and that "if you find the People have failed to prove beyond a reasonable doubt that the defendant was not justified, then you must find the defendant not guilty on all counts." Dkt. No. 11-2 at 382-83. Therefore, the jury necessarily found that the People proved beyond a reasonable doubt that

Petitioner was not justified as to any count when it found Petitioner guilty of the lesser-included crime of assault in the second degree. *See id*. In his Report-Recommendation and Order, Magistrate Judge Hummel thus agreed with Respondent that this contention lacks merit and fails to establish that trial counsel was ineffective. *See* Dkt. No. 10-1 at 18; Dkt No. 22 at 31-32. As the Supreme Court has observed, courts "generally presume that jurors follow their instructions." *Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citation omitted). Thus, Petitioner has not satisfied the *Strickland* test. Accordingly, this Court finds that petitioner's claims on the issue of ineffective assistance of trial counsel are dismissed as procedurally barred.

### 3. Ineffectiveness of Appellate Counsel

Petitioner contends that appellate counsel was ineffective because counsel: (1) "misapprehended the trial record by stating thing [sic] that the jury rejected the justification defense which could not be inferred from silent record"; (2) raised issues which were knowingly unpreserved in the record of the trial transcript; and (3) failed to argue that the imposition of consecutive sentences was illegal. Dkt. No. 1 at 8. Respondent contends that Petitioner's third claim "was not asserted in the state courts" and is, therefore, unexhausted. Dkt. No. 10-1 at 20. In any event, Respondent contends that all of Petitioner's ineffective assistance of appellate counsel claims lack merit. *See id*.

#### a. Exhaustion

Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies or establish either an absence of available state remedies or that such remedies cannot adequately protect his rights. *See Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)). As Magistrate Judge Hummel addressed in his Report-Recommendation and Order, the Second Circuit has observed that "the proper vehicle for bringing a claim of ineffectiveness of

11

appellate counsel [i]s a writ of error coram nobis addressed to the appellate division which affirmed the original conviction." *Mathis v. Hood*, 851 F.2d 612, 615 (2d Cir. 1988) (italics and citation omitted); *see also Ehinger v. Miller*, 928 F. Supp. 291, 294 (S.D.N.Y. 1996) ("[A] coram nobis motion to the Appellate Division addresses errors at the appellate level, including ineffectiveness of appellate counsel").  Here, Petitioner did not argue in his coram nobis motion that appellate counsel was ineffective for failing to argue that the trial court's imposition of consecutive sentences was illegal.  *See* Dkt. No. 11-3 at 187-198; Dkt. No. 11-4 at 1-20.  Thus, as Petitioner raised this contention for the first time in his habeas corpus petition, his claim is not exhausted.  *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997); *see also Vasquez v. New York*, No. 17-CV-697, 2020 WL 2859007, *9 (S.D.N.Y. Feb. 27, 2020) ("Each factual claim made in support of an allegation of ineffective assistance of counsel must be fairly presented to a state court before a federal habeas court may rule upon it").

### b. Merits

Petitioner's contention that appellate counsel was ineffective for failing to argue that the imposition of consecutive sentences was illegal lacks merit.  *See* Dkt. No. 1 at 8.  As the state trial court concluded, Petitioner's actions constituted "separate stabbing or slashing actions against two different victims." Dkt. No. 11-3 at 177.  Therefore, the sentences imposed may "run consecutively when [as here,] multiple offenses are committed through separate and distinct acts, though they are part of a single transaction." *People v. Ramirez*, 89 N.Y.2d 444, 451 (1996).

Petitioner's claim that appellate counsel was ineffective because counsel advanced arguments that "misapprehended the trial record by stating thing [sic] that the jury rejected the justification defense which could not be inferred from silent [sic] record," is also meritless. Dkt. No. 1 at 8.  At trial, the jury necessarily rejected the defense of justification, as it could not have

found Petitioner guilty of assault in the second degree, as lack of justification was an element of both crimes. *See* Dkt. No. 11-2 at 382-83, 385-86.

Petitioner's claim that appellate counsel was ineffective for "rais[ing] issues which were knowingly unpreserved in the record of the trial transcript," is also plainly meritless. Dkt. No. 1 at 8. As Petitioner asserts the same claim in his present habeas corpus petition, it is unclear what Petitioner's basis for asserting that appellate counsel was ineffective for also raising that claim. *See* Dkt. No. 1 at 5. Additionally, Petitioner's assertion that "[a]ppellate counsel should have raised ineffective assistance of trial counsel, because trial counsel failed to register a timely objection to the court's defective jury instruction on justification, which appeared on the face of the record[,]" is also meritless. Dkt. No. 20 at 16. As petitioner's claim that trial counsel was ineffective for failing to timely object to the trial court's justification charge lacks merit, it was reasonable for appellate counsel not to raise an ineffective assistance of counsel claim as to trial counsel on that basis.

### IV. CONCLUSION

Having carefully reviewed the April 16, 2021 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 22) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge